UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LA BARBERA, THOMAS GESUALDI,   *
LOUIS BISIGNANO, ANTHONY PIROZZI,   *
FRANK FINKEL, JOSEPH FERRARA,   *
MARC HERBST, and THOMAS PIALI,   *
as Trustees and Fiduciaries of the   *
Local 282 Welfare, Pension, Annuity and   *
Job Training Trust Funds,   *    ECF CASE
                Plaintiffs,   *    07-CV-10998 (WHP) (GWG)
  *
     -against-   *
  *
FEDERATED MECHANICAL   *
CONTRACTING CORP.,   *
                Defendant.   *
------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282 Welfare, Pension, Annuity, and Job Training Trust Funds (the "Funds"), by their attorneys Friedman & Wolf, allege as follows:

### INTRODUCTION

1. The Trustees bring this action to compel Defendant Federated Mechanical Contracting Co., Inc. ("Federated" or "Defendant") to produce books and records for audit and, should the audit reveal contributions due and owing, to collect delinquent contributions owed, plus the attendant damages. If Defendant claims it has not maintained pertinent books and records for any portion of the period Plaintiffs wish to audit, Plaintiffs seek to collect from

Author: ARL    Doc Number: 78921

Defendant an estimate of contributions owed based on the formula set forth in the Funds' Agreement and Declaration of Trust (the "Trust Agreement"), or based on available evidence other than the pertinent books and records.

2.  In bringing this action, the Trustees are enforcing the terms of the Trust Agreement governing the Funds, as well as the collective bargaining agreement between Federated and Teamsters Local 282 ("Local 282"). This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Sections 209(a) and 515 of ERISA, 29 U.S.C. §§ 1059(a), 1145.

## JURISDICTION AND VENUE

3.  This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4.  This Court is one of proper venue, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since the Defendant is located in this District.

## PARTIES

5.  The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 282, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make

agreements. The Funds provide various pension, health and welfare, annuity, job training and legal services benefits to covered employees, retirees, and their dependents. The Funds are operated pursuant to the terms of the Trust Agreement, which is incorporated by reference into the collective bargaining agreement.

6. The Funds' principal office is located at 2500 Marcus Avenue, Lake Success, within the County of Nassau, New York.

7. Plaintiffs Gary La Barbera, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Marc Herbst, and Thomas Piali are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are Fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Federated is a New York corporation that maintains and/or maintained its principal place of business at 1177 Grinnell Place, Bronx, New York, and has employed at least one employee covered by a collective bargaining agreement with Local 282.

## FIRST CAUSE OF ACTION

9. Federated has entered into, is a party to, and is bound by the Mechanical Trades Contractor's Association, Inc. Agreement (the "Agreement") with Local 282, effective for at least the period from July 1, 2004 through June 30, 2009, and is also bound by the Trust Agreement. It has employed at least one employee who has worked in employment covered by the Agreement.

10. Federated has submitted or has been obligated to submit remittance reports

to the Funds. These remittance reports state the hours worked by employees in covered employment and the amounts to be paid into the Funds based on hours worked and/or paid, in order to provide health and welfare, pension, annuity, legal services, and job training to Federated's employees.

11. Article IX(1)(d) of the Trust Agreement provides that "[t]he trustees [of the Funds] may at any time audit the pertinent books and records of any Employer in connection with" such employer's contributions to the Funds. Article IX(1)(f) of the Trust Agreement provides that if an employer "fails to submit the pertinent books and records for audit within 20 days after written demand, such failure shall be a material breach of the Trust Agreement."

12. The "pertinent books and records" are set forth in Article IX (1)(d) of the Trust Agreement.

13. By letter dated October 8, 2007, the Trustees' auditors notified the Funds that Federated had failed to respond to their written request that it produce its books and records for audit for the period beginning June 1, 2006.

14. The Trustees referred the matter to the Funds' co-counsel, which sent Federated a letter dated October 19, 2007, via first class mail and certified mail, demanding that it submit its books and records for an audit for the period from July 1, 200a6 through the present. The signed return receipt was received by co-counsel, but to date, Federated has failed and refused to produce the pertinent requested books and records for audit.

15. The failure and refusal of Federated to provide the Trustees' auditors with its pertinent books and records violates the terms of the Agreement and the Trust Agreement, which require employers to submit to the Trustees' demand for audits.

16. The refusal and failure of Federated to provide the Trustees' auditors with

its pertinent books and records also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

17. The refusal and failure of Federated to provide the Trustees' auditors with its pertinent books and records in connection with its obligation to pay contributions to the Funds also violates Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

18. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to "attorneys' fees and all costs and disbursements" connected with such an action, pursuant to Article IX(1)(f) of the Trust Agreement.

19. As a result of Federated's conduct in violation of the Trust Agreement, collective bargaining agreements, and ERISA, Plaintiffs are entitled to an Order (1) directing Federated to present the pertinent books and records to the Trustees' auditors for examination for the period from June 1, 2006 forward, and (2) awarding the Trustees all costs and disbursements of this lawsuit, including reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

20. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1

through 19 as if the same were fully set forth herein.

21. In the event that Federated provides the Trustees' auditors with its pertinent books and records, and the audit reveals contributions due and owing, such contributions are due to Plaintiffs as delinquent contributions under the Trust Agreement, the applicable collective bargaining agreement, and ERISA.

22. Any failure by Federated to pay contributions to the Funds promptly when due is a violation of the Agreement between Federated and Local 282. In addition, such failure is a violation of Article IX(3) of the Trust Agreement.

23. Any failure by Federated to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

24. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other equitable relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION

25. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 24 as if the same were fully set forth herein.

26. To the extent that Federated claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has violated the terms of the

Author: ARL    Doc Number:78921

Agreement and the Trust Agreement, which require employers to submit to the Trustees' audits.

27. To the extent that Federated claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

28. To the extent that Federated claims it has not maintained pertinent books and records for any portion of the period sought to be audited in connection with its obligation to pay contributions to the Funds, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

29. To the extent that Federated refuses to submit its pertinent books and records or claims it has not maintained pertinent books and records for any portion of the period sought to be audited, the Trust Agreement sets out a formula that Plaintiffs may utilize in order to estimate contributions owed.

30. Under the Trust Agreement's formula, Article IX(1)(e), to the extent that Federated has failed to submit a remittance report for any month during the period for which the audit is sought, and records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the

month in which the largest number of hours were reported in the previous twelve reports.

31. Under the Trust Agreement's formula, Article IX(1)(f), to the extent that Federated has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported for that month.

32. Because Federated is bound by the terms of the Trust Agreement, it is bound by the formula set out in the Trust Agreement. In the alternative, to the extent that Federated fails to submit its pertinent books and records for any portion of the period the Funds wish to audit, Article IX(4) of the Trust Agreement empowers Plaintiffs to "take whatever proceedings may be proper and necessary in their discretion for enforcement of Employer's obligations" in addition "to any other enforcement remedies which may exist under the Collective Bargaining Agreements and under this Agreement and Declaration of Trust." Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed rather than imposing the formula set out in the Trust Agreement.

33. In addition, an employer that violates the recordkeeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027 and 1059(a), must accept a benefit plan's reasonable estimate of contributions owed, in this case as determined by the Trust Agreement's formula. Alternatively, to the extent that evidence exists enabling Plaintiffs to approximate

contributions owed by a defendant that has failed to maintain pertinent books and records, that defendant must accept Plaintiffs' reasonable estimate of contributions owed based on such evidence rather than on the formula set out in the Trust Agreement.

34.     In any action by Plaintiffs seeking estimated contributions owed in the event that employers fail to submit the pertinent books and records, Plaintiffs are entitled to attorneys' fees and all costs and disbursements connected with such an action, pursuant to Article IX(1)(f) of the Trust Agreement.

35.     In seeking estimated contributions owed, and thereby enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other and further equitable relief as the court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Federated as follows:

A.      On the First Cause of Action:

(1)     An order directing Federated to present the requested pertinent books and records for the period from June 1, 2006 to the present to the Trustees' auditors within thirty (30) days for examination;

  (2) All costs and disbursements of this suit, including reasonable attorneys' fees;

  (3) Such other and further equitable relief as this Court deems appropriate.

 B. On the Second Cause of Action:

  (1) The amount of contributions found to be due and owing, as revealed by the audit;

  (2) Interest on the delinquent contributions;

  (3) An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

  (4) Reasonable attorneys' fees and costs of the action;

  (5) Such other and further equitable relief as this Court deems appropriate.

 C. On the Third Cause of Action:

  (1) To the extent that Federated claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

   (a) To the extent that Federated has failed to submit a remittance report for any month during the period for which the audit is sought, and records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the

month in which the largest number of hours were reported in the previous twelve reports submitted; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found owing;

    (b)  To the extent that Federated has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported that month; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found owing;

    (c)  Interest on the delinquent contributions;

    (d)  An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

    (e)  Reasonable attorneys' fees and costs of the action;

  (f)  Such other and further equitable relief as this Court deems appropriate.

Dated: December 3, 2007
    New York, New York

               FRIEDMAN & WOLF

           By: _____
               Abigail R. Levy (AL-4822)

               1500 Broadway, Suite 2300
               New York, New York 10036
               (212) 354-4500

               Attorneys for Plaintiffs