UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY LA BARBERA, THOMAS GESUALDI,
LOUIS BISIGNANO, ANTHONY PIROZZI,
FRANK FINKEL, JOSEPH FERRARA,
MARC HERBST, and THOMAS PIALI,
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                Plaintiff

-against-

FEDERATED MECHANICAL
CONTRACTING CORP.,

                Defendant.
------------------------------------------------------------x

AMENDED
COMPLAINT
07-CV-10998

       The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"), by their attorneys Friedman & Wolf, allege as follows:

## INTRODUCTION

       1.    The Trustees bring this action to compel Defendant to produce books and records for audit and, should the audits reveal contributions due and owing, to collect delinquent contributions, interest, and liquidated damages. If Defendant claims, or its affiliates have not maintained, pertinent books and records for any portion of the periods Plaintiffs wish to audit, Plaintiffs seek to collect from Defendant an estimate of contributions owed based on the formula

set forth in the Funds' Agreement and Declaration of Trust (the "Trust Agreement"), or based on available evidence other than the pertinent books and records.

2.    In bringing this action, the Trustees are enforcing the terms of the Trust Agreement governing the Funds, as well as the collective bargaining agreements between Defendants and Teamsters Local 282 ("Local 282"), affiliated with the International Brotherhood of Teamsters. This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Sections 209(a) and 515 of ERISA, 29 U.S.C. §§ 1059(a), 1145.

## JURISDICTION AND VENUE

3.    This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4.    This Court is one of proper venue, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since Defendant in this action has its principal place of business within this District.

## PARTIES

5.    The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 282, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining

agreements. The Funds provide various pension, health and welfare, annuity, job training and vacation and sick leave benefits to covered employees, retirees, and their dependents. The Funds are operated pursuant to the terms of the Trust Agreement.

6. The Funds' principal office is located at 2500 Marcus Avenue, Lake Success, within the County of Nassau, New York.

7. Plaintiffs Gary La Barbera, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrarra, Marc Herbst and Thomas Piali are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are Fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Defendant Federated Mechanical Contracting Corp. (the "Defendant") is a New York corporation that maintains its principal place of business at 1177 Grinnell Place, Bronx, New York, 10474.

9. Defendant has entered into, is a party to, and is bound by the Independent Mechanical Trades Contractor's Association, Inc. Agreement (the "Agreement") with Local 282, effective for at least the period from June 1, 2006 through June 30, 2009. The Agreement incorporates the Trust Agreement in Section 23 (F), and Defendant is bound to the provisions of the Trust Agreement. It has employed at least one employee who has worked in employment covered by the agreement.

10. Upon information and belief, Daniel Barbuto and Bruce Kelley are the executive officers and owners of Federated Mechanical Contracting Corp.

11. Upon information and belief, Federated Mechanical Corp. is a New York Corporation that maintains its principle place of business at 400 Baretto Street, Bronx, New York, 10474.

12. Upon information and belief, Bruce Kelley is the Chief Executive Officer of Federated Mechanical Corp.

13. Upon information and belief, Federated Contracting Corp. is a New York corporation that maintains an address for service of process at 61 VanDam Street, New York, New York, 10013. It also has an office at 147-46 2nd Avenue, Whitestone, New York, 11357.

14. Upon information and belief, the Chief Executive Officers of Federated Contracting Corp. are Daniel Barbuto and Bruce Kelley.

15. Upon information and belief, DSM Contracting Corp. ("DSM") is a New York corporation that maintains an address for service of process at 802 Cypress Drive, Franklin Square, New York, 11010.

16 Upon information and belief, DSM has two other offices, one at 2 Windmill Circle, Scarsdale, New York, 10583, and the other at 2250 First Avenue, New York, New York, 10029.

17. Upon information and belief, Bruce Kelley and Daniel Barbuto are the Chief Executive Officers of DSM.

18. DSM is a signatory to the Independent Building Material Suppliers Agreement (the "CBA"), a collective bargaining agreement with Local 282 for the New York City effective as of April 9, 2008.

19. Upon information and belief, at all times relevant to this action, Federated Mechanical Corp., Federated Contracting Corp., DSM Contracting Corp., and Federated Fire Protection Systems, Corp. were under "common control" as that term is used in 29 U.S.C. § 1301 (b) (1) for purposes of withdrawal liability.

20. On information and belief, at all times relevant to this action, Federated Mechanical Contracting Corp., Federated Mechanical Corp., Federated Contracting Corp., and DSM were affiliated companies.

## FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 as if the same were fully set forth herein.

22. Defendant has entered into, is a party to, and is bound by the Independent Mechanical Trades Contractor's Association, Inc. Agreement (the "Agreement") with Local 282, effective for at least the period from July 1, 2004 through June 30, 2009 and is also bound by the Trust Agreement establishing the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds. It has employed at least one employee who has worked in employment covered by the agreement.

23. Defendant has submitted or has been obligated to submit remittance reports to the Funds. These remittance reports state the hours worked by employees in covered employment and the amounts to be paid into the Funds based on hours worked and/or paid, in

order to provide health and welfare, pension, annuity, legal services, and job training to Federated Mechanical Contracting's employees.

24. Article IX (1)(d) of the Trust Agreement provides that "[t]he trustees [of the Funds] may at any time audit the pertinent books and records of any Employer in connection with" such employer's contributions to the Funds." Article IX(1)(f) of the Trust Agreement provides that if an employer "fails to submit the pertinent books and records for audit within 20 days after written demand, such failure shall be a material breach of the Trust Agreement."

25. Under Article IX (1)(d) of the Trust Agreement, "pertinent books and records" include, but are not limited to, the following types of records: (1) payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record; (2) payroll tax records submitted to federal and state governments, including Form 941 and W-2; (3) complete business income tax returns; (4) cash disbursement records; (5) general ledgers; (6) records relating to the hiring of trucks, including equipment vouchers, invoices, and payment records; and (7) any other records specifically requested by the Funds' auditors, including the classification of Employees, their Social Security numbers, and the amount of wages paid and hours worked.

26. Article VIII(3) of the Trust Agreement provides that the construction of the terms of the Agreement by the Trustees is binding upon employers.

27. The "pertinent books and records" are set forth in Article IX (1)(d) of the Trust Agreement and include those records of the business bound by the collective bargaining agreement "and any other business entity which is affiliated with such business and which either (1) has employed persons who have performed the same type of work as the employees of the

Employer covered by the Union agreement, or (2) is part of a group of trades or businesses 'under common control' as that term is used in 29 U.S.C. § 1301 (b) (1) for withdrawal liability purposes, which includes the Employer."

28. Upon information and belief, at all times relevant to this action, Federated Mechanical Corp., Federated Contracting Corp., DSM Contracting Corp., and Federated Fire Protection Systems, Corp. were under "common control" as that term is used in 29 U.S.C. § 1301 (b) (1) for purposes of withdrawal liability.

29. By letter dated October 8, 2007, the Trustee's auditors notified the Funds that Defendant had failed to respond to their written request that it produce its books and records for the audit period beginning June 1, 2006.

30. The Trustees referred the matter to the Funds' co-counsel, which sent Defendant a letter dated October 19, 2007, via first class mail and certified mail, demanding that it submit its books and records for an audit for the period beginning June 1, 2006.

31. On April 4, 2008, independent auditors employed by the Trustees conducted a review of the Defendant's records. They advised the Funds that their review of the books and records revealed corporate entities which were potential affiliates of Defendant. They further notified the Funds that Defendant refused to turn over books and records of affiliates as required under the Trust Agreement.

32. By letter dated April 24, 2008, the Funds demanded that Defendant produce the books and records for its affiliates. To date it has not done so, and the audit cannot be completed.

33. The failure and refusal of Defendant to provide the Trustee's auditors with all of the requested books and records violates the terms of the Agreement and the Trust agreement, which require employers to submit books and records of companies under common control to the Trustee's demand for audits.

34. The refusal and failure of Defendant to provide the Trustee's auditors with all of its pertinent books and records also violates Section 209 (a) of ERISA, 29 U.S.C. § 1059 (a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

35. The refusal and failure of Defendant to provide the Trustees' auditors with its pertinent books and records and those of its affiliates in connection with its obligation to pay contributions to the Funds also violates Article IX of the Trust Agreement, Section 515 of ERISA, 29 U.S.C. §1145, which requires [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

36. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to "attorney's fees and all costs and disbursements" connected with such an action, pursuant to Article IX(1)(f) of the Trust agreement.

37. As a result of Defendant's conduct in violation of the Trust Agreement, collective bargaining agreements, and ERISA, Plaintiffs are entitled to an Order (1) directing Defendant to present the pertinent books and records to the Trustees' auditors for examination for the period from June 1, 2006 forward, and (2) awarding the Trustees all costs and disbursements of this lawsuit, including reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

38. Plaintiff's repeat and reallege the allegations set forth in paragraphs 1 through 37 as if the same were fully set forth herein.

39. In the event that Defendant provides the Trustees' auditors with all of its pertinent books and records, and the audit reveals contributions due and owing, such contributions are due to Plaintiffs as delinquent contributions under the Trust Agreement, the applicable collective bargaining agreement, and ERISA.

40. Any failure by Defendant to pay contributions to the Funds promptly when due is a violation of the Agreement between Defendant and Local 282. In addition it is a violation of Article IX of the Trust Agreement.

41. Any failure by Defendant to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

42. In enforcing section 515 of ERISA, 29 U.S.C. section 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent

contributions; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorney's fees and costs of the action; and such other relief as the Court deems appropriate.

### THIRD CAUSE OF ACTION

43. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 42 as if the same were fully set forth herein.

44. To the extent that Defendant and its affiliates claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has violated the terms of the Agreement and the Trust Agreement, which require employers to submit to the Trustees' audits.

45. To the extent that Defendant and its affiliates claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

46. To the extent that Defendant and its affiliates claims it has not maintained pertinent books and records for any portion of the period sought to be audited in connection with its obligation to pay contributions to the Funds, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

47. To the extent that Defendant and its affiliates refuses to submit pertinent books and records or claims it has not maintained pertinent books and records for any portion of the period sought to be audited, the Trust Agreement sets out a formula that Plaintiffs may utilize in order to estimate contributions owed.

48. Under the Trust Agreement's formula, Article IX(1)(e), to the extent that Defendant or its affiliates has failed to submit a remittance report for any month during the period for which the audit is sought, and records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the month in which the largest number of hours were reported in the previous twelve reports.

49. Under the Trust Agreement's formula, Article IX(1)(f), to the extent that Defendant or its affiliates has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported for that month.

50. Because Defendant is bound by the terms of the Trust Agreement, it is bound by the formula set out in the Trust Agreement. In the alternative, to the extent that Defendant and its affiliates fail to submit pertinent books and records for any portion of the

period the Funds wish to audit, Article IX(4) of the Trust Agreement empowers Plaintiffs to "take whatever proceedings may be proper and necessary in their discretion for enforcement of Employer's obligations" in addition "to any other enforcement remedies which may exist under the Collective Bargaining Agreements and under this Agreement and Declaration of Trust." Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed rather than imposing the formula set out in the Trust Agreement.

51. In addition, an employer that violates the recordkeeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027 and 1059(a), must accept a benefit plan's reasonable estimate of contributions owed, in this case as determined by the Trust Agreement's formula. Alternatively, to the extent that evidence exists enabling Plaintiffs to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, that defendant must accept Plaintiffs' reasonable estimate of contributions owed based on such evidence rather than on the formula set out in the Trust Agreement.

52. In any action by Plaintiffs seeking estimated contributions owed in the event that employers fail to submit the pertinent books and records, Plaintiffs are entitled to attorneys' fees and all costs and disbursements connected with such an action, pursuant to Article IX(1)(f) of the Trust Agreement.

53. In seeking estimated contributions owed, and thereby enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions; interest on the delinquent

contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other and further equitable relief as the court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Federated as follows:

A.  On the First Cause of Action:

(1) An order directing Defendant and its affiliates to present the requested pertinent books and records for the period from June 1, 2006 to the present to the Trustees' auditors within thirty (30) days for examination;

(2) All costs and disbursements of this suit, including reasonable attorneys' fees;

(3) Such other and further equitable relief as this Court deems appropriate.

B.  On the Second Cause of Action:

(1) The amount of contributions found to be due and owing, as revealed by the audit;

(2) Interest on the delinquent contributions;

(3) An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

(4) Reasonable attorneys' fees and costs of the action;

(5) Such other and further equitable relief as this Court deems appropriate.

C.  On the Third Cause of Action:

(1) To the extent that Defendant or its affiliates claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

(a) To the extent that Defendant or its affiliates has failed to submit a remittance report for any month during the period for which the audit is sought, and records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the month in which the largest number of hours were reported in the previous twelve reports submitted; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found owing;

(b) To the extent that Defendant or its affiliates has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported that month; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found owing;

(c) Interest on the delinquent contributions;

(d) An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

(e) Reasonable attorneys' fees and costs of the action;

    (f) Such other and further equitable relief as this Court deems appropriate.

Dated: July 11, 2008

  New York, New York

                FRIEDMAN & WOLF

            By: _____
                Michael Bauman (MB - 9118)
                1500 Broadway, Suite 2300
                New York, New York 10036
                (212) 354-4500

                Attorneys for Plaintiffs